IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNEESSEE
NASHVILLE DIVISION

| | |
|---|---|
| First Acceptance Corporation, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| Catlin Insurance Company (UK) Ltd., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 USC § 1446, Defendant Catlin Insurance Company (UK) Ltd. ("Catlin") gives notice it has removed this action from the Chancery Court of Davidson County, Tennessee, to the United States District Court for the Middle District of Tennessee, Nashville Division. As grounds, Catlin shows as follows:

### INTRODUCTION

1. On March 7, 2012, First Acceptance Corporation ("FAC"), an automobile insurer, brought an action against Catlin seeking $1,100,000.00 in insurance coverage under an Insurance Company Professional Liability Insurance Policy issued by Catlin to FAC (the "Catlin ICPL Policy"). FAC seeks coverage for a settlement it paid on behalf of its insured and for its own potential bad faith

liability arising from personal injuries to various individuals in a motor vehicle accident involving an FAC insured driver on or about August 12, 2007. (Exhibit A).

2. Pursuant to 28 U.S.C. section 1332, this Court has original jurisdiction over the state court action because: (1) there is complete diversity of citizenship between Plaintiffs and Catlin; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. As a result, the state court action is removable under 28 U.S.C. sections 1332 and 1441.

## DIVERSITY OF CITIZENSHIP

3. This action involves a controversy between citizens of different states.

4. FAC is a Delaware corporation organized and existing under the laws of the State of Delaware with its principal place of business in Tennessee.

5. Catlin is domiciled in the United Kingdom and is organized and existing under the laws of the United Kingdom. Catlin's principal place of business is London, United Kingdom; its registered agent for service of process is located in Los Angeles, California, U.S.A.

## AMOUNT IN CONTROVERSY

6. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. FAC issued an automobile policy to James Minson with limits of $10,000 per person and $20,000 per accident (the "FAC Auto Policy"). James Minson's minor son, Joshua Minson, caused an auto accident on August 12, 2007 injuring several people and was sued. FAC seeks insurance coverage for a settlement it paid in connection with the automobile accident involving Joshua Minson. During the course of defending a suit by the injured plaintiffs against FAC's insured driver Joshua Minson, it was asserted by counsel for the injured plaintiffs that FAC acted in bad faith in failing to settle the claims against its insured driver Joshua Minson when presented with a policy limits demand under the FAC Auto Policy.

8. FAC alleges in its Complaint for Declaratory Judgment and Damages that it settled the claim against the FAC insured and the extra contractual claim against FAC for $2,100,000. The Catlin ICPL Policy issued to FAC carries a $1,000,000 retention. FAC alleges that Catlin is obligated under the Catlin ICPL Policy to reimburse FAC $1,100,000, representing the $2,100,000 settlement amount, less the $1,000,000 self-insured retention. FAC seeks to recover that amount from Catlin, along with consequential damages, including pre- and post-judgment interest, a bad-faith penalty pursuant to Tenn. Code Section 56-7-105, and additional relief to which the Court may determine Plaintiff is entitled. (Exhibit A, p. 11).

9. Based on FAC's allegations, the amount in controversy exceeds $75,000.

## TIMELINESS OF NOTICE OF REMOVAL

10. The Summons and Complaint for Declaratory Judgment and Damages were filed on March 7, 2012. FAC initiated process through the State of Tennessee Department of Commerce and Insurance, pursuant to Tennessee Code Annotated Sections 56-2-504 and 506. The designated Agent for the State of Tennessee Department of Commerce and Insurance supplied notice of the Complaint to Catlin's authorized agent by certified mail dated April 19, 2012. (Exhibit B)

11. By email correspondence to Catlin, dated April 18, 2012, FAC acknowledged it had encountered difficulties in effecting service through the Tennessee Department of Commerce and Insurance based on a back log in the Department, and advised counsel for Catlin that it would issue an alias summons. (Exhibit C) In response, Catlin agreed to accept service on April 18, 2012. (Exhibit C)

12. Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is filed within thirty (30) days after the date Catlin accepted service of the Complaint from FAC.

## VENUE AND COMPLIANCE WITH REQUIREMENTS FOR REMOVAL

13. Venue is proper in this district, as the circumstances underlying FAC's claims occurred in this district.

14. Pursuant to the provisions of 28 U.S.C. Section 1446(a), Catlin attaches hereto a copy of the entire state court file it received from the Clerk of Court for the Chancery Court of Davidson County, Tennessee, which includes all process and pleadings filed in this action. (Exhibit D).

15. Catlin has given written notice of the filing of this notice to all parties of record. A copy of this notice will be filed with the Clerk of the Chancery Court of Davidson County, Tennessee. (Exhibit E).

**WHEREFORE**, Catlin respectfully requests that this action be removed to this Court, that this Court accept jurisdiction of this action, and that this action be placed on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

DATED: May 15, 2012.

Respectfully submitted,

By: _____
H. Eric Burnette, TN Bar No. 024342
*Attorney for Catlin Insurance Company (UK) Ltd.*

**OF COUNSEL:**
**Burnette, Dobson & Pinchak**
711 Cherry Street
Chattanooga, TN 37402
Tel: 423-266-2121
Fax: 423-266-3324

47666.DOC

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 15 day of May, a true and correct copy of the foregoing has been furnished by U.S. Mail, postage prepaid, upon the following parties:

Luis C. Bustamante, Esq.
Katherine F. Layman, Esq.
WOOLF, MCCLANE, BRIGHT, ALLEN
    & CARPENTER, PLLC
P. O. Box 900
Knoxville, Tennessee 37901-0900
(856) 215-1000

Attorneys for Plaintiff First Acceptance Corporation

_____
OF COUNSEL