IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNEESSEE

| | |
|---|---|
| **First Acceptance Corporation,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.: 3:12-CV-0484** |
| ) | **Trauger/Brown** |
| **Catlin Insurance Company (UK) Ltd.,** ) | |
| ) | |
| **Defendant.** ) | |

### DEFENDANT CATLIN'S OBJECTIONS TO
### RULE 30(b)(6) NOTICE OF DEPOSITION

Defendant Catlin Insurance Company (UK) Ltd. ("Catlin"), pursuant to Fed. R. Civ. P. Rules 26 and 30(b)(6), respectfully submits its objections to First Acceptance Corporation's ("FAC") Rule 30(b)(6) Notice of Deposition.

**I.      General Objections to Document Requests.**

1.      The requests are inconsistent with the purpose of Fed. R. Civ. P. 30 in that the documents requested are not for purposes of the taking of the depositions but instead are a substitute for Rule 34 requests for production.

2.      Catlin objects to each request to the extent the documents called for were obtained and prepared in anticipation of litigation. FAC has made no showing of substantial need for the documents in the preparation of its case, or that it is unable without undue hardship to obtain the substantial equivalent of the documents by other means. Catlin further objects to each request to the extent the documents called for are privileged and are not discoverable under Fed. R. Civ. P. 26 and *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385 (1947).

3.      Catlin objects to each request to the extent the documents called for are protected

by the attorney-client privilege or work product immunity or other applicable privileges or immunities.

4. Catlin objects to each request to the extent the documents requested are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

5. Catlin objects to each request to the extent they seek to vary or broaden Catlin's obligations beyond the requirements of the Federal Rules of Civil Procedure or any pretrial orders of the court.

6. Catlin objects to each request to the extent it seeks discovery that is unreasonably cumulative or duplicative; or is a request for information that is equally available to FAC, and the burden on FAC to obtain the requested documents is no greater than the burden on Catlin.

7. Catlin objects to each request to the extent it is overly broad, vague and ambiguous, oppressive, unduly burdensome, expensive, harassing and beyond the permissible scope of discovery under the Fed. R. Civ. P.

8. Catlin objects to each request to the extent it seeks documents not in Catlin's possession, custody or control.

9. Catlin objects to each request to the extent it seeks an answer involving an opinion or contention that relates to fact, or the application of law to fact, before discovery has been completed.

10. Catlin objects to each request to the extent it is not limited by reference to a relevant time period.

11. The specific responses below are based upon information now available to Catlin. Catlin reserves the right at any time to revise, correct, add to or clarify its objections.

12. An objection to the document requests does not mean necessarily that any responsive documents exist or are in the possession, custody or control of Catlin.

13. The specific responses below are based upon information now available to Catlin. Catlin reserves the right at any time to revise, correct, add to or clarify its objections.

## II. Specific Objections to Document Requests.

1. The claim file pertaining to the receipt, processing, administration and the denial of coverage for the subject claim.

> **Response: Catlin objects to Request No. 1 on the basis that it seeks documents not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Catlin also objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine, were prepared in anticipation of litigation, or call for a legal conclusion. Catlin further objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. Catlin further objects to Request No. 1 on the basis that it seeks the production of documents that are the subject of Catlin's presently pending Motion to Bifurcate and Stay Discovery related to FAC's bad faith claim. (Doc. 23).**

2. The claim files relating to any and all notices of circumstance and/or claims presented by and/or on behalf of FAC to Catlin seeking coverage under the professional liability policies issued by Catlin to FAC.

> **Response: Catlin objects to Request No. 2, as discussed above with respect to Request No. 1. on the basis that it seeks documents not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Catlin also objects to this Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine, were prepared in anticipation of litigation, or call for a legal conclusion. Catlin further objects to this Request on the grounds that it is vague, ambiguous, overly broad and unduly burdensome. To the extent that Request No. 2 seeks production of documents pertaining to Notice of Circumstances or Notice of Claim by FAC to Catlin, Catlin also objects on the basis that the requested documents are equally available to FAC, and the burden on FAC to obtain the requested documents is no greater than the burden on Catlin. To the extent that FAC seeks production of Catlin file materials related to Claims or Notices of Circumstance submitted to Catlin**

**regarding matters other than the underlying *Pittman* litigation, Catlin further objects to Request No. 2 on the basis such request is vague and ambiguous, harassing, overly broad and unduly burdensome, seeks irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence, and is not tailored to the nature of the claims alleged in this action.**

3. Any and all underwriting files relating to the application, processing and issuance of any and all professional liability policies issued by Catlin to FAC.

**Response: Catlin objects to Request No. 3 on the basis that it seeks the production of documents not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of relevant or admissible evidence.**

Dated: October 30, 2012

Respectfully submitted,

LLOYD, GRAY, WHITEHEAD & MONROE

By: _____s/ Mark E. Tindal_____
 Stephen E. Whitehead (*Pro Hac Vice*)
 Mark E. Tindal (*Pro Hac Vice*)
 2501 Twentieth Place South, Suite 300
 Birmingham, AL 35223
 Telephone – (205) 967-8822
 Facsimile – (205) 967-2380

BURNETTE, DOBSON & PINCHAK

By:__s/ H. Eric Burnette_____ __
 H. Eric Burnette, #24342
 711 Cherry Street
 Chattanooga, TN 37402
 Telephone - (423) 266-2121
 Facsimile - (423) 266-3324
 ***Attorneys for Catlin Insurance Company (UK) Ltd.***

CERTIFICATE OF SERVICE

The foregoing pleading has been filed electronically with the Court using the Court's ECF/PACER system. All interested parties have been served electronically.

This 30th day of October, 2012.


By: ___s/ H. Eric Burnette_____